IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PETESKI PRODUCTIONS, INC. and PHILLIP C. MCGRAW,** | § | |
| Petitioners, | § | |
| v. | § | Case No. **3:25-CV-3523-L** |
| **TRINITY BROADCASTING OF TEXAS, INC. and TCT MINISTRIES, INC., *et al.*,** | § | |
| Respondents. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Motion to Dismiss Petition for Writ of Mandamus (Doc. 12) filed by Respondents Trinity Broadcasting of Texas, Inc. d/b/a Trinity Broadcasting Network and TCT Ministries, Inc. (collectively, "Trinity") on January 22, 2026. For the reasons that follow, the court **grants** the Motion to Dismiss (Doc. 12) and **dismisses without prejudice** the Petition for Writ of Mandamus filed by Petitioners Peteski Productions, Inc. ("Peteski") and Philip C. McGraw ("Dr. McGraw") (collectively, "Petitioners").

## I. Background

Petitioners filed this action seeking relief from the bankruptcy court's Chapter 7 Conversion Order in the underlying Chapter 11 bankruptcy brought by Merit Street Media, Inc. ("MSM" or "Debtor"), a media joint venture that Peteski—which owns the television show "Dr. Phil" and is owned by Dr. Phil McGraw—co-founded in 2023 with Trinity. After the initiation of the Chapter 11 bankruptcy, Trinity moved to dismiss the case, convert it to a Chapter 7 proceeding, and/or to appoint a Chapter 11 trustee. After discovery, several hearings, and a trial, the bankruptcy court notified the parties on October 28, 2025, of its ruling ("Ruling") that the case

would be converted to a Chapter 7 proceeding. In support of this determination, the bankruptcy court identified four reasons:

1. a substantial or continuing loss to or diminution of the estate;

2. the Debtors' chief restructuring officer ("CRO") Gary Broadbent was "not a neutral fiduciary but instead . . . conflicted in favor of [Dr.] McGraw;"

3. Mr. Broadbent "failed in his duty of candor to the [Bankruptcy Court];" and

4. Dr. McGraw "destr[oyed] . . . relevant evidence in his capacity as either board member of Merit Street or de facto officer or agent of Merit Street."

R. 8961-8965.

Following this ruling, the bankruptcy court entered an Order Preserving Status Quo at the request of MSM, indicating that it would delay issuing a conversion order until after hearing motions to stay pending appeal, which were filed by MSM and Peteski. Peteski argued, among other things, that the bankruptcy court violated Peteski's and Dr. McGraw's due process rights by making negative factual findings regarding Dr. McGraw. On November 13, 2025, after briefing was complete, the bankruptcy court held a hearing on Peteski's and MSM's due process concerns.

On November 18, 2025, the bankruptcy court issued its Memorandum Decision Regarding (i) Request to Alter or Amend Judgment; (ii) Motions for Stay Pending Appeal; and (iii) Conversion of Case to Chapter 7 (the "Memorandum") in which it addressed the due process concerns and supplemented its prior ruling by finding "a more comprehensive fourth cause for conversion[:] Bad-faith conduct in the prosecution of this bankruptcy case by [Dr.] McGraw, acting for the Debtor." R. 9463. Later that same day, the bankruptcy court entered orders: (1) converting the case to Chapter 7 (the "Conversion Order"); appointing a Chapter 7 trustee; and denying MSM and Peteski's motions to stay pending appeal.

Peteski and Dr. McGraw appealed the bankruptcy court's Conversion Order and related rulings and, they immediately filed emergency motions for administrative stay and stay pending appeal. This appeal was docketed on November 20, 2025, as 3:25-CV-3190, and was originally assigned to United States Senior District Judge David Godbey, who issued an order granting an administrative stay before the case was reassigned to the undersigned. Peteski and Dr. McGraw identified the following appellate issues in this appeal:

1. Whether the bankruptcy court erred in its decisions, findings of fact, conclusions of law, or other rulings in the November 18, 2025 Conversion Order or in any of the underlying or related rulings and orders (including, without limitation, the October 28, 2025 oral ruling, the November 7, 2025 order setting the precautionary due-process hearing, the November 18, 2025 Memorandum Decision, the November 18, 2025 stay order, and the November 18, 2025 Ribman order)?

2. Whether the bankruptcy court legally or factually erred in determining that there is "cause" for conversion of this case to Chapter 7, or for any other relief, based on the asserted grounds that (1) a substantial or continuing loss or diminution to the estate was occurring without a likelihood of rehabilitation, (2) CRO Gary Broadbent was not a neutral fiduciary, (3) the CRO was not candid in his testimony, or (4) Dr. McGraw allegedly purposefully deleted a text message or engaged in bad-faith prosecution of the bankruptcy proceeding.

3. Whether the bankruptcy court's findings of fact or other statements relating to the alleged deletion of a text message—in the October 28, 2025 oral ruling, in the November 7, 2025 order setting the precautionary due-process hearing, in the November 18, 2025 Memorandum Decision, or elsewhere—are clearly erroneous or otherwise flawed.

4. Whether the bankruptcy court's findings of fact or other statements relating to (1) the CRO's alleged failure to act as a neutral fiduciary or (2) the CRO's alleged lack of candor during his hearing testimony—in the October 28, 2025 oral ruling, in the November 7, 2025 order setting the precautionary due-process hearing, in the November 18, 2025 Memorandum Decision, or elsewhere—are clearly erroneous or otherwise flawed.

5. Whether the bankruptcy court's findings of fact or other statements relating to the alleged substantial or continuing loss or diminution to the estate was occurring without a likelihood of rehabilitation—in the October 28, 2025 oral ruling, in the November 7, 2025 order setting the precautionary due-

> process hearing, in the November 18, 2025 Memorandum Decision, or elsewhere—are clearly erroneous or otherwise flawed.
>
> 6. Whether the bankruptcy court's decisions, findings of fact, conclusions of law, or other rulings subject to this appeal—including the October 28, 2025 oral ruling, the November 7, 2025 order setting the precautionary due-process hearing, the November 13, 2025 hearing, and the November 18, 2025 Memorandum Decision—violated the due-process rights of Appellants or were otherwise procedurally improper.

3:25-CV-3190-L (Doc. 42-1 at 4). MSM also appealed, and that appeal is also assigned to the undersigned. *See* Case No. 3:25-CV-03186-L.

Peteski and Dr. McGraw then filed this case on December 23, 2025, seeking mandamus relief. In its Petition for Writ of Mandamus, Petitioners contend that the bankruptcy court abused its discretion with respect to all four grounds identified as supporting the conversion of the bankruptcy proceeding to Chapter 7, and they assert as follows:

> Ground 4—"Dr. McGraw's text message and alleged bad-faith prosecution of the bankruptcy case—is legally flawed, violated important rights, rests on clearly erroneous fact findings, and is otherwise an abuse of discretion[.]"
>
> Ground 3—"the chief restructuring officer's alleged candor—is legally flawed, violated important rights, and rests on clearly erroneous fact findings[.]"
>
> Ground 2—"neutrality of the chief restructuring officer—is legally flawed, rests on clearly erroneous fact findings, and is otherwise an abuse of discretion[.]"
>
> Ground 1—"also is legally flawed, rests on clearly erroneous fact findings, and is otherwise an abuse of discretion [.]"

Doc. 1 at 13-43.

For relief, Petitioners seek mandamus relief against the bankruptcy court, directing it to (1) "reverse or vacate" the Conversion Order, and "all underlying orders, rulings, findings of fact, and conclusions," including the Ruling and Memorandum either in full or in part; (2) "strike or vacate" each of the causes for conversion found by the bankruptcy court; and (3) "strike, vacate, and/or expunge" all statements and findings of fact made by the bankruptcy court in all orders and rulings,

related to (a) Dr. McGraw's deletion of the Ribman text message, (b) Petitioners' actions in relation to the filing and prosecution of the bankruptcy Case, (c) Mr. Broadbent's lack of neutrality as it concerns Dr. McGraw, or (d) findings of fact that otherwise support "cause" for dismissal (except for diminution of the estate). Doc. 1 at 10, 62.

On January 22, 206, Trinity filed its Motion to Dismiss in which it asserts:

> A district court does not have the authority to issue a writ of mandamus to a bankruptcy court. Nor is a mandamus petition the appropriate mechanism to collaterally attack factual findings that are integral a bankruptcy court's order.
>
> In the bankruptcy court proceedings below (the "Bankruptcy Case"), Debtor Merit Street Media, Inc. ("MSM" or "Debtor")—and Petitioners Peteski Productions, Inc. ("Peteski") and Philip C. McGraw ("McGraw") attempted to defend the propriety of the filing and prosecution of MSM's bankruptcy case. They failed. The bankruptcy court found four independent causes warranting conversion to a Chapter 7 liquidation and the appointment of a Chapter 7 trustee. Those "causes" consisted of (1) substantial or continuing loss to or diminution of the estate, (2) a lack of candor by Gary Broadbent ("Broadbent"), the Debtor's chief restructuring officer ("CRO"), (3) Broadbent's lack of neutrality and conflict in favor of McGraw, and (4) McGraw's destruction of relevant evidence. Peteski and McGraw appealed the bankruptcy court's ruling and these underlying findings. But now, they wish to open a second front and attack the bankruptcy court's ruling and these findings through their mandamus petition. This is patently improper.
>
> This Court has no authority to issue a writ of mandamus to the bankruptcy court. Petitioners' already-filed appeal is the proper vehicle to challenge the causes for conversion or the factual findings that supported those causes. The mandamus petition must be dismissed.

Doc. 13 at 5-6.

Trinity contends that Federal Rule of Appellate Procedure 21 governs this proceeding and its Motion to Dismiss "[b]ecause Petitioners are essentially seeking a second appellate review from this Court of the Bankruptcy Court's orders." *Id.* at 5 n.1. (citing *In re Media Matters for America*, 143 F.4th 631 (5th Cir. 2025) ("Rule 21 of the Federal Rules of Appellate Procedure governs the

handling of "extraordinary writs," including writs of mandamus.")).[1] To the extent that Rule 21 does not apply, Trinity notes that it seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

## II. Legal Standard for Mandamus Relief

"Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). The party seeking mandamus relief must demonstrate "that there has been a 'usurpation of judicial power' or a 'clear abuse of discretion.' " *In re Volkswagen of Am., Inc*., 545 F.3d 304, 311 (5th Cir. 2008) (en banc) (citation omitted). To satisfy this requirement, Petitioners must show: (1) that there is a "clear and indisputable" right to the writ; (2) that there are "no other adequate means to attain the relief" requested; and (3) that the court's exercise of discretion to issue the writ would be "appropriate under the circumstances." *In re Itron, Inc.*, 883 F.3d 553, 567 (5th Cir. 2018) (quoting *Cheney v. United States Dist. Ct. for D.C.*, 542 U.S. 367, 380-81 (2004). The condition that a party have no other means to obtain relief is "designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380-81; *see also In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987) ("Mandamus is an extraordinary remedy that should be granted only in the clearest and most compelling cases.").

## III. Discussion

Petitioners disagree that the court lacks jurisdiction to issue a writ of mandamus to the bankruptcy court. Petitioners also dispute that the court lacks jurisdiction when, as here, a petitioner requests a district court to issue a mandamus instead of appealing, and contends that

[1] The opinion in *In re Media Matters for America*, 143 F.4th 631 (5th Cir. 2025), was withdrawn and superseded by the Fifth Circuit on August 21, 2026. *See In re Media Matters for Am.*, 187 F.4th 362, 366 (5th Cir. 2026).

Peteski's reliance on *Parson v. Larson*[2] is misplaced because, although Trinity argues that a petitioner cannot seek mandamus relief to collaterally attack a bankruptcy court's rulings when those rulings may be appealed to a federal district court and court of appeals, Trinity has also argued that Petitioners lack standing to appeal, and Petitioners anticipate that Trinity may also later argue that any appeal is moot in the event of a Chapter 7 liquidation.

As Trinity correctly notes, however, "[m]andamus is not a mechanism for addressing hypothetical erroneous rulings in future cases." *In re Parish*, 81 F.4th 403, 417 (5th Cir. 2023). In *In re Parish*, the Fifth Circuit rejected a similar argument by the petitioner in that case regarding potential mootness in the event that a request to stay in the related bankruptcy appeal was denied. *See id.* Moreover, appellate briefing in Case No. 3:25-CV-3190-L is not yet complete, and the court has yet to rule.

Further, the court agrees with Trinity that the bankruptcy court's findings and conclusions regarding Dr. McGraw and Mr. Broadbent are "not merely wanton and superfluous commentary" but instead "integral to the decision to convert the Bankruptcy Case to Chapter 7." Doc. 13 at 14. Additionally, the mandamus relief sought is integrally related to issues that the court must decide in the related appeal in Case No. 3:25-CV-3190-L. Thus, this case is distinguishable from the one relied on by Petitioners. *See Gardiner v. A.H. Robins Co., Inc.*, 747 F.2d 1180, 1183-85 & 1192-94 (8th Cir. 1984).

## IV. Conclusion

For the reasons explained, Petitioners have not met their burden of establishing all of the requirements for mandamus relief or their entitlement to such relief. The court, therefore, **grants**

---

[2] *Parson v. Larson*, Case No. 3:21-CV-2423-M-BN, 2021 WL 5042478, at *1 (N.D. Tex. Oct. 6, 2021), *adopted by* 2021 WL 5040232 (N.D. Tex. Oct. 29, 2021).

Trinity's Motion to Dismiss (Doc. 12); **denies** the Petition for Writ of Mandamus (Doc. 1); and **dismisses without prejudice** this action for lack of jurisdiction.

**It is so ordered** this 28th day of September, 2026.

Sam A. Lindsay
United States District Judge